ALBERT HOLTON *versus* CITY OF BANGOR.

By the tax act of 1842 an inhabitant of this State was liable to be taxed in the city or town of his residence for shares held by him in a cotton manufactory in another State, to the extent of his proportion of the value of the machinery owned at the time by such company.

If such shares were over valued in the tax, the remedy is by an appeal to the county commissioners, and not by an action against the city or town.

THE action was assumpsit for money had and received, and was submitted to the Court on the following statement of facts.

The plaintiff seeks to recover back the sum of $67,80, with

Holton v. Bangor.

interest from April 5, 1843, being the amount of taxes assessed by the assessors of said city for the year 1842, upon six shares in the " Bartlett Steam Mill Company," a corporation established at Newburyport in the Commonwealth of Massachusetts, which taxes were paid at the above date under protest, and to prevent a distress upon the plaintiff's property.

It is admitted that said tax was legally assessed, provided the shares were liable to taxation at their full value by said assessors.  Said company was incorporated by the legislature of Massachusetts as a cotton manufactory, and has ever been exclusively employed as such.  Its capital stock paid in is $300,000, all of which is invested in mills and factories, and in the machinery in the same ; $87,886 have been invested in the former, and $246,283, in the latter, the company being still in debt for the amount thus expended over and above their capital. The relative proportionate value of the real estate and machinery remains the same as they originally cost.  In the assessment in question the shares were taxed at their full par value.

Under the laws of Massachusetts the corporation was actually taxed for all its property, in the town of Newburyport, where the company is located.

It is agreed that if this action is maintainable, that the Court shall render judgment on the above statement of facts, according to the legal rights of the parties.

*A. W. Paine,* for the plaintiff, said that the property was taxable by the laws of Massachusetts, wherein it was situated, and was actually taxed there.  The shares themselves have no value independent of this property.  It is against the spirit and policy of our laws, that the same property should be assessed twice.  The legislature has no power to pass such acts.

Real estate of a corporation is to be taxed in the town wherein it is situated.  10 Mass. R. 514 ; 17 Mass. R. 461 ; 5 Greenl. 139.  The personal estate may be taxed whereever the legislature of the State, where it is situated, may di-

rect. This was by law taxed in Newburyport. No person is liable to be taxed here for land owned in another State.

Nor can the holder of shares be legally taxed on account of the machinery. That is exempted from taxation by the tax act of 1842, under which the tax on the shares was assessed.

We are entitled to recover, if either the real or the personal property was not liable to be taxed. The remedy by appeal to the county commissioners, is only when too high a valuation is put on property liable to be taxed, and not where the property taxed was not the subject of taxation.

*A. G. Jewett*, for the defendants, said that the question was to be determined solely by the laws of this State; and that the laws of Massachusetts, and doings under them, have no bearing on the question. The shares in the company are personal estate, and are to be assessed as such on the owner at the place of his residence, unless the law otherwise provides. 10 Mass. R. 518; 5 Greenl. 139. The tax act of 1842, makes such shares taxable at the place of the owner's residence, although it is otherwise by the act of 1843. The machinery excepted from taxation, is only such as is within this State.

If the plaintiff was liable to be taxed for any thing, the action cannot be maintained. The remedy for an overtax is by an application to the county commissioners for an abatement. 6 Pick. 100.

The opinion of the Court was drawn up by

SHEPLEY J. — In a legal sense and to accomplish certain purposes, personal property is considered as having no locality. It follows the person of the owner; and is governed and subjected to burdens by the law, which governs him. Real estate is controlled and subjected to burdens by the *lex rei sitae*. These rules having become parts of the *jus gentium*, no legislators can be supposed to intend to violate them. For it cannot be supposed, that they would knowingly violate rules founded in justice and approved by the general practice of

civilized society.  By doing so one State or community must necessarily interfere with the rights of another State or community ; or must act oppressively upon individuals, and injure their rights.  If a State should however assume to subject the personal property of one having no domicile within its jurisdiction to burdens, it must expect, that the State, in which such person's domicile is established, will, in disregard of such laws, proceed in the exercise of its own just rights, leaving the State chargeable with having injured the individual, to adjust the matter with him according to its own sense of duty. There may be cases of just exception to these general rules. If a person chooses to employ his visible and tangible personal property within a jurisdiction, where he has no domicile, thereby receiving, it may be, peculiar favor from its laws, and subjecting them to the charge of its protection, it may not be unjust or unreasonable, that it should be subjected to taxation within that jurisdiction, although it may in law be considered as following the person of the owner, and subject to taxation there also.  The State must be the judge of its rights and duties in such cases ; and the persons may relieve themselves from the possibility of a double burden by a disposition of their property, or by a change of their domicile.

The act of 1842, c. 55, § 2, by virtue of which the tax in this case was assessed, provided for the assessment of shares in any incorporated company, possessing taxable property, according to the just value thereof.  The shares named in the agreed statement will be embraced in this provision, and be liable to taxation, unless they were exempted by another clause, which excepts machinery in cotton and woollen manufactories.  And it is contended, that such proportions of the value of the shares, as were derived from such machinery, were exempted.  The language of the act, although general, is necessarily limited in its operation to the jurisdiction of the State.  It could not and was not intended to act upon machinery not employed within it.  It is not within its sphere of duty to attempt by its legislation to encourage the manufactures of another State.  And such cannot be considered the

intention of its laws regulating the assessment of taxes; and the exemptions there enumerated must be considered as limited by its jurisdiction. The shares might therefore be legally taxed according to the principles before stated for such portion of their value, as was derived from the machinery, that being personal property. If the intention of the legislature was, that shares in an incorporated company, possessed of taxable property, should be taxed according to the just value thereof, estimating that value upon the taxable property only, that portion of their value derived from real estate not subject to taxation in this State, would be exempted. And in favor of such a construction would be the consideration, that the act would then be in conformity to the just rights of the State, and would not act oppressively upon any individual. But if it were adopted, the plaintiff could not maintain this suit. The shares were liable to be taxed for their value, as represented by the personal property, and the case therefore is at best but one of over valuation. And the remedy is by an appeal to the County Commissioners according to the provisions of the statute, c. 14, § 21.

*Plaintiff nonsuit.*