GEORGE W. E. GRIFFITH v. JAMES E. WATSON, *et al.*

1. SHARES OF STOCK, *in Incorporated Company; Where Taxable.* In 1873, the Lawrence Gas, Coke & Coal Company was a corporation, located and doing business in the city of Lawrence, and was taxable and taxed therein. The plaintiff owned 115 shares of the capital-stock of said corporation, and resided in Wakarusa township, and not in the city of Lawrence. *Held,* That he was not taxable on said shares of stock in the said city of Lawrence.

2. LISTING PERSONAL PROPERTY FOR TAXATION; *Notice to Owner; Illegal Listing.* In 1873, the plaintiff listed for taxation all his personal property subject to taxation in Wakarusa township, and duly paid the taxes thereon; and all the property belonging to said corporation was also listed, and the taxes were duly paid thereon. Also, in the same year, some person or persons, without any notice to the plaintiff, or any authority from him, listed for taxation in the city of Lawrence, in his name, 115 shares of the capital-stock of said corporation, and taxes were levied on said shares against' the plaintiff. *Held,* That said last-mentioned listing, and said last-mentioned levy of taxes, were and are illegal.

*Error from Douglas District Court.*

INJUNCTION, brought by *Griffith,* against *Watson* as county treasurer, and several others, to restrain the collection of alleged illegal taxes. The district court, at the October Term 1875, gave judgment for costs in favor of the defendants, and *Griffith* appeals. All the facts are stated in the opinion.

*S. O. Thacher*, for plaintiff, contended, first, that the shares of stock assessed to Griffith, were not taxable at all as personal property, neither to Griffith, as owner, nor to the corporation of which he was a member, the entire property of the corporation having been already duly assessed and taxed; (Const., art. 11, § 1; 37 Mo. 265; 5 Ind. 310; 9 N. H. 423; 8 Mich. 301.) Secondly, if taxable as personal property, such shares were taxable in the township where Griffith resided, and not in the city of Lawrence where he did not reside; and third, the assessment made by defendants, without notice to plaintiff, was illegal; 8 Kas. 284; 16 Kas. 587.

*Nevison & Alford*, for defendants, submitted, that for the purposes of taxation there is a clear distinction between the capital-stock of a corporation, and the shares by which it is represented; Cooley on Taxation, 158, 170. That a tax on the shares of stockholders, is a different thing from a tax on the corporation itself, or its stock, and may be laid irrespective of any taxation of the corporation, see Cooley on Tax. 166; 3 Wall. 173; 15 Ind. 150. The case in 5 Ind. 310, cited by plaintiff, has no application whatever, that case turning on the construction of a certain statute entirely different from our own. Again, §§ 1 and 2 of the tax law of 1868 expressly provide that shares of capital-stock shall be assessed and taxed to the owner thereof; and section 12 of said act contemplates that such stock shall be assessed to the owner thereof and taxed as other personal property in the city or township where such corporation is located and doing business. Nor was the plaintiff entitled to notice of said assessment in any event. It was not an increase of the return made by himself from Wakarusa township, for it was an assessment made in said city of Lawrence; nor can it in any sense be considered as an increase of assessment, within the meaning of the statute. Plaintiff's petition shows that this property was clearly subject to assessment and taxation in the hands of plaintiff, and as no tender or payment is alleged by

plaintiff it is manifest that he was not entitled to a judgment: 10 Kas. 270; 2 Otto, 575; 3 Dil. 25; 16 Wis. 198; Amer. Law Reg. 1872, p. 208. A court of equity ought never to interfere to restrain the collection of a tax, unless strong equitable grounds exist for such interference, or where there is no remedy at law; 7 Kas. 231.

The opinion of the court was delivered by

VALENTINE J.: This was an action to restrain the collection of certain taxes levied against the plaintiff on 115 shares of the capital-stock of the Lawrence Gas, Coal & Coke Company. The county treasurer, county clerk, sheriff, board of county commissioners, and city of Lawrence, were all made parties defendant. The case was tried in the court below by the court, without a jury, on the plaintiff's petition and the defendants' answers. The court found, upon the issues joined, "all the allegations of fact contained in the plaintiff's petition to be true," but nevertheless rendered judgment against the plaintiff, and in favor of the defendants. Such judgment was rendered upon the theory that the petition did not state facts sufficient to constitute a cause of action. Therefore the only question presented to us for our consideration is, whether the petition did state facts sufficient to constitute a cause of action or not. The petition stated among other things as follows: Said Lawrence Gas, Coal & Coke Company was a corporation located and doing business in the city of Lawrence, and all of its property consisted of real estate situated in said city. All said property was duly taxed for the year 1873, and the taxes thereon were duly paid. The plaintiff resided in the township of Wakarusa, and did not reside in the city of Lawrence. He owned 115 shares of the capital-stock of said corporation. He listed for taxation in said Wakarusa township all his personal property subject to taxation, and has duly paid all the taxes chargeable thereon. The defendants, or some one of them, listed, or caused to be listed, in the name of the plaintiff, one hundred and fifteen shares of the capital-stock of said corporation as property of the plain-

3—19 KAS.

tiff, subject to be listed in the city of Lawrence, notwithstanding the plaintiff was then a resident of the town of Wakarusa, and not a resident of the city of Lawrence. Said listing was made for the year 1873, without the knowledge or consent of the plaintiff, and without any notice to him whatever. "In such listing said stock was valued at $1,380," although in fact it "had no value outside of the real estate owned by said company," and which real estate had already been taxed. Taxes were levied upon said shares of stock in pursuance of said listing, and the defendants were, at the commencement of this suit, attempting to collect said taxes. We do not think that it is necessary to mention any of the other facts stated in the petition. We think the court below erred.

I. If said shares of stock were taxable at all to the plaintiff, we think they were taxable to him only in Wakarusa township, where he resided, and not in the city of Lawrence, where he did not reside. (Gen. Stat. 1023, § 8, last clause; *Griffith v. Carter*, 8 Kas. 565, 571.) In 1873, all property, real and personal, belonging to a corporation such as this, including "the full amount of stock paid in and remaining as capital-stock," was taxable to the corporation itself, and not to the stock-holders. (Gen. Stat. 1024, § 12; laws 1869, p. 244, § 1,) And section 12 of the then tax law (Gen. Stat. 1024,) provides in terms, that "no person shall be required to include in the list of personal property any portion of the *capital-stock* of any company, or corporation," such as this. But it is claimed that the phrase, "capital-stock," as used in said section 12, does not mean shares of stock as held by individuals in a corporation. Now, conceding this to be true, still said shares of stock must be considered as personal property, not real estate, (Gen. Stat. 1019, 1020, § 2,) and must therefore be taxed, if taxed at all, to the holders thereof where such holders reside. To tax property in the city of Lawrence, which should have been taxed in the township of Wakarusa, would probably increase the burdens of the taxpayer, even if the property were not taxed in Wakarusa township, and would therefore under the statutes be unjust as well as illegal. But, from the allegations

of the petition, we must presume that the plaintiff's said shares of stock were taxed to him (if taxable at all to him) in Wakarusa township. There is a conflict of authority as to whether shares of stock, and also all the property of the corporation, including its capital, can be taxed; some authorities holding that such a thing would be double taxation, and others holding otherwise.

II. After the plaintiff had listed for taxation all his personal property subject to taxation in Wakarusa township, it would have been illegal for any person, without notice to the plaintiff, to make another list, or to increase the plaintiff's list, or the amount of his assessment, even if the same had been so done for Wakarusa township. (*Leav. Co. v. Lang*, 8 Kas. 284; *K. P. Rly. Co. v. Russell*, 8 Kas. 558, 564; *K. P. Rly. Co. v. Wyandotte County*, 16 Kas. 587.) Assuming that said shares of stock were taxable to the plaintiff in Wakarusa township, then we must presume, from the allegations of the petition and the findings of the court, that the plaintiff listed them for Wakarusa township, and then that the defendants, or some of them, listed them a second time, (this time for the city of Lawrence,) and thereby increased the plaintiff's assessment to the amount of $1,380. But, even if the plaintiff did not list them, still no other person had any right to do so without first giving notice to the plaintiff. (See cases above cited.) So, taking any view we may of said taxes levied in the city of Lawrence on said shares, such taxes are illegal. Now as the plaintiff listed for taxation all his personal property subject to taxation in Wakarusa township, where he resided, and paid all the taxes chargeable thereon, we think he is entitled to an injunction to restrain the collection of said illegal tax levied in the city of Lawrence.

The judgment of the court below will therefore be reversed, and cause remanded with the order that judgment be rendered on the findings of the court below in favor of the plaintiff.

All the Justices concurring.