CHARLES E. LOCKWOOD *vs.* TOWN OF WESTON.

New Haven and Fairfield Cos., April T., 1891. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, JS.

It is provided by Gen. Statutes, § 3828, that "personal property in this state or elsewhere, not exempt by this title, shall for the purpose of taxation include all notes, bonds and stocks (not issued by the United States,) moneys, credits, choses in action, * * * goods, chattels or effects, or any interest therein, and such property belonging to any resident in this state shall be set in his list in the town where he resides, at its then actual valuation, except when otherwise provided." And § 3830 provides that "the list of any person need not include any property situated in another state when it can be made satisfactorily to appear to the assessors that the same is fully assessed and taxed in such other state, to the same extent as other like property owned by its citizens." Held—
That the stocks of corporations located in other states fall within the

intent of § 3828, and are taxable here when owned by residents of this state.

2. And that it makes no difference whether the corporations are public or private ones.

3. But that under § 3830 such foreign corporations are presumed to be taxed in the state where they are located, and that it is the duty of the assessors to ascertain that they are not so taxed, and not of the taxpayer to prove that they are.

The American Express Company and the United States Express Company are associations in the nature of partnerships, the capital stock of which is divided into shares, which are transferable like those of a corporation. Held that, for purposes of taxation, the shares were clearly personal property within the statute, and the court inclined to the opinion that they should be treated as if they were shares of stock in a private corporation.

Double taxation by construction is to be avoided, unless the law plainly and imperatively requires such construction.

[Argued April 21st—decided June 1st, 1891.]

APPEAL from the action of the board of relief of the defendant town in a matter of taxation; taken to the Superior Court in Fairfield County, and, on facts found, reserved for the advice of this court. The case is fully stated in the opinion.

*H. S. Barbour* and *L. E. Stanton*, for the plaintiff, cited *Thames Mfg. Co.* v. *Lathrop*, 7 Conn., 550; *Adam* v. *Litchfield*, 10 id., 127; *Whittlesey* v. *Clinton*, 14 id., 72; *Osborn* v. *N. York & N. Haven R. R. Co.*, 40 id., 491; *Shaw* v. *Hartford*, 56 id., 351; *Bemis* v. *City of Boston*, 14 Allen, 366.

*R. E. DeForest*, for the defendant, cited *Copp* v. *Town of Norwich*, 24 Conn., 28, 31; *Town of Bridgeport* v. *Bishop*, 33 id., 187; *Kirtland* v. *Hotchkiss*, 42 id., 426, 438, 441; *Inhab. of Great Barrington* v. *Co. Commissioners*, 16 Pick., 572; *Dwight* v. *City of Boston*, 12 Allen, 316; *Bemis* v. *City of Boston*, 14 id., 366; *Belo* v. *Tax Commissioners*, 82 N. Car., 415; *Bradley* v. *Bauder*, 36 Ohio St., 28; *Lee* v. *Sturges*, 46 id., 153; *City of Memphis* v. *Ensley*, 6 Baxter, 553; *Dyer* v. *Osborne*, 11 R. Isl., 321; *Tax Court* v. *Patterson*, 50 Md., 354; *Phila., Wilm. & Balt. R. R. Co.* v. *Tax Court*, id., 397; *McKeen* v. *County of Northampton*, 49 Penn. St., 519;

*Graham* v. *Township of St. Joseph*, 67 Mich., 652; *Van Allen* v. *Assessors*, 3 Wall., 573; *Bradley* v. *The People*, 4 id., 459; *Nat. Bank* v. *Commonwealth*, 9 id., 353; *Minot* v. *Phila., Wilm. & Balt. R. R. Co.*, 18 id., 206; *Tucker* v. *Ferguson*, 22 id., 527; *Railway* v. *Supervisors*, 93 U. S. R., 595; Cooley on Const. Lim., 169; Field on Corp., 521; 1 Potter on Corp., § 192; Burroughs on Taxation, § 90.

TORRANCE, J.   The record in this case shows the following facts:—On the first day of October, 1889, the plaintiff and his wife were residents of the town of Weston in this state, and his wife then owned and held in her name forty-five shares in the American Express Company, fifteen shares in the United States Express Company, and ten shares of the stock of Wells, Fargo & Company.

These companies are located out of this state, and each of the shares was of the par value of one hundred dollars, the whole being of the actual value of six thousand seven hundred dollars.   The American Express Company and the United States Express Company are associations in the nature of partnerships, and Wells, Fargo & Company is a corporation operating under a charter from Colorado.

The United States Express Company did an express business in this state during the year preceding July 1st, 1889, and before, and held property necessary in the transaction of its business, and paid to the treasurer of this state the taxes required by law on account of its gross receipts derived from commerce in this state.   Neither of the other two companies did business in this state or paid taxes to the state during the year preceding July 1st, 1889.

The plaintiff in October, 1889, made and delivered to the assessors of said town a list, as required by law, purporting to be a list of all property liable to taxation in said town against him, but he did not include therein any of said shares belonging to his wife, nor did she give in any list, nor were said shares listed in her name.

In December, 1889, the assessors of the town, after due notice to the plaintiff, added to his list, under the head of ex-

press stock, the sum of $6,700, which was made by them as an assessment against him upon the shares owned by his wife.

The plaintiff appealed to the board of relief from the doings of the assessors, and appeared before the board, and was sworn before them, and answered all questions touching his taxable property. The board of relief refused to relieve him from the addition so made by the assessors, and the same now stands against him on the grand list of the town as part of his taxable property.

It did not appear, nor was any evidence given to the assessors, that the property of said companies or either of them, or said shares or any of them, were taxed or assessed in the states where the companies are located, to the same extent as other like property owned by the citizens thereof.

The plaintiff appealed to the Superior Court in the manner provided by law, and that court, having found the facts substantially as above set forth, reserved the case for the advice of this court.

It is not claimed that there was any technical illegality in the proceedings of the assessors or of the board of relief. If the property in question is taxable at all, it seems to be conceded that the proceedings were in all respects formally correct. Nor is it claimed that the state could not tax property of this kind if.it saw fit to do so. The only question made is, whether, under our present law, the property in question was assessable and taxable at the time it was added to the plaintiff's list.

Before discussing this question it will be well to consider briefly the nature of the property represented by the shares in the American Express Company and the United States Express Company. Wells, Fargo & Company is a corporation, and its shares are shares of the capital stock of a corporation, but the other two companies are merely associations of individuals in the nature of copartnerships. The record does not give us the details of their formation and organization, but it appears that the capital of the companies is divided into shares, which are transferable under certain restrictions and are subject to assessment for losses and

other liabilities of the company ; the shareholder becomes a member of the association, with the apparent liability as to third persons of an ordinary copartner ; the association is to continue in existence for a specified number of years, and the death of a shareholder or the addition of new shareholders does not work a dissolution of the association.

The shares in these two associations are certainly personal property, as much so as the shares of stock in Wells, Fargo & Company. They are treated by the association, by the shareholders, and by the commercial world, as shares of stock. For all practical purposes, and so far as the question of taxation is concerned, we are inclined to think they should be considered and treated as if they were shares of stock in private corporations. But however this may be, they beyond all question fall within the class of personal property.

Section 3828 of the General Statutes, as amended by chapter 165 of the public acts of 1889, so far as it is necessary to quote the same for our present purpose, reads as follows :—" Personal property in this state or elsewhere, not exempt by this title, shall, for the purpose of taxation, include all notes, bonds and stocks, not issued by the United States, moneys, credits, choses in action, * * * goods, chattels or effects or any interests therein ; and such property belonging to any resident of this state shall be set in his list in the town where he resides, at its then actual valuation, except when otherwise provided."

The plaintiff seems to claim that shares in private corporations and associations are not included within the statutory definition or description of taxable personal property, and that no specific provision is made for taxing such shares in foreign corporations or associations elsewhere in our statutes.

Although the decision of this point is not perhaps essential to the decision of the case at bar, yet in view of its importance and of the fact that it was fully and ably argued before us, we have concluded to express our views thereon. We think the statutory definition was intended to include

every kind of personal property which the words used fairly comprehend and include.

So far as the present question is concerned, these words, since 1851, have been "moneys, credits, choses in action, bonds, notes, stocks, goods, chattels and effects or any interest therein." These are certainly words of very wide meaning.

The word "stock" is thus defined in Bouvier's Law Dictionary :—"The capital of corporations. This latter is usually divided into those of a determined value. The indebtedness of states is sometimes represented by stocks and sometimes by bonds."

The plaintiff says our statute should be construed as if it read—"All public stock not issued by the United States;" and that to read it thus: "All stock in private corporations not issued by the United States," is to make nonsense of it. But the word "stock" includes both public stocks and shares in private corporations, and the language is "all stocks." For the sake of brevity the language used in our statute is quite elliptical, and if we are to supply the ellipsis we think the legislative intent is best subserved by construing it as if it read "all stock in private corporations and all public stocks not issued by the United States." But if the word "stocks" was not used at all, we think the other descriptive words of our statute would clearly include shares of stock in domestic corporations and associations. If then the property here in question consisted of shares in domestic corporations or associations, it would clearly fall within the statutory description of taxable personal property, and would be taxable unless expressly or impliedly exempted by law.

But if the statutory description includes shares in domestic corporations and associations, it must include shares in foreign corporations and associations owned by residents of this state, for it includes all personal property coming within its terms whether situated "in this state or elsewhere." Whether the property in question then be regarded as in this state or without the state, it equally comes within the statutory description of taxable personal property.

The plaintiff further claims that this property is exempt under the provisions of chapter 221 of the public acts of 1889. Whether this be so or not we have no occasion at present to decide, because, upon the facts as they are disclosed upon the record, we think judgment should be rendered for the plaintiff, for the reasons hereinafter stated.

As a general rule, with but few exceptions, it has been and still is the policy of this state to avoid, what may be called for the purposes of this discussion, double taxation. From the time when our state first began to tax shares of stock in foreign corporations in the hands of its residents, it has provided for an exemption, if the same shares were taxed in the state where the corporation was located. Thus the revision of 1808, title 102, chapter 1, sec. 14, provided that "all stock in any bank whatever, belonging to any person or persons, inhabitants of this state, whose estates are not exempted from taxation, shall be set in the list, * * * provided that no person owning stock in any bank in any other state, which is or shall be taxed in the state where such bank is kept, shall be subject to be taxed by this act for such stock." This provision for exemption continued substantially in this form down to 1851, when the exemptions of this kind were put into substantially their present form.

Our statute has, since then, thus exempted from taxation money or property actually invested in merchandizing or manufacturing carried on outside of the state. And it has practically, with a few exceptions, exempted any property situated in another state, when the same is taxed in such state as other like property therein. Its language, so far as the property in question is concerned, is "the list of any person need not include any property situated in another state, when it can be made satisfactorily to appear to the assessors that the same is fully assessed and taxed in such state, to the same extent as other like property owned by its citizens." Gen. Statutes, § 3830.

In construing statutes of this kind this court has held that double taxation by construction is to be avoided, unless the law plainly and imperatively requires such a con-

struction. *Osborn* v. *New York & New Haven Railroad Co.*, 40 Conn., 491. Also that, where the meaning of the legislature may be doubtful, this known policy of the state in this matter would incline the court to a construction that would avoid double taxation. *Toll Bridge Co.* v. *Osborn*, 35 Conn., 20. If then the property in question is in fact taxed directly or indirectly in the states where the express companies are located, it is by our law clearly exempted from taxation here.

This is conceded by the defendant, but it claims that such property is to be taxed here, whether in fact taxed elsewhere or not, unless it is made to appear to the satisfaction of the assessors that it is so taxed elsewhere; and that, as no evidence was offered upon that point, the assessors were justified in keeping it in the list.

We think this claim is not tenable. The legislature intended to exempt from taxation in this state, with certain specified exceptions, personal property owned by residents of this state, if such property was rightfully taxable in another state, and was in fact taxed there. This was done in full view of the fact that it is now or is rapidly becoming the settled policy of all or most of the states to tax either directly or indirectly the shares of their domestic corporations, whether owned by residents or non-residents. Our own state does this, and also claims the right to tax shares in foreign corporations held by its own inhabitants. This latter right however it does not at present exercise, except in cases where the shares are not taxed elsewhere. Such instances must, from the nature of the case, be exceptional and few, while the cases where the shares are exempt will ordinarily be quite numerous. The fair presumption in any given case is, that such shares are in fact taxed elsewhere unless the contrary clearly appears, and the legislature undoubtedly acted upon this presumption.

We think the legislature intended to have shares of stock in foreign corporations held by owners resident here, put in the list and taxed only in the exceptional cases where they are not in fact taxed elsewhere, and that such property

Lockwood *v.* Town of Weston.

can be put in the list and taxed only when it appears to the trier, whether such trier be assessor, board of relief, or Superior Court, that it is not taxed elsewhere.

This construction fairly and effectually carries out the legislative intent with less labor and annoyance to all concerned than any other. The construction contended for by the defendant requires us to hold in effect that it is the duty of every resident owner of stock in a foreign corporation, or of other personal property, rightfully taxed and in fact taxed in another state, to put it into his list in the first instance, and then to have it taken out on proof that it is taxed elsewhere.

This would undoubtedly involve a vast amount of unnecessary and useless labor and annoyance to the taxpayers and the assessors, without any compensating advantage, and we cannot believe that the legislature intended any such result. The practice throughout the state, so far as we are cognizant of it, has been in accordance with the construction here put upon this statute.

In the case at bar it appears from the record that neither party, before either the assessors, the board of relief, or the Superior Court, attempted to show that the property in question was or was not taxed in the states where said express companies are located, nor does any evidence of this fact appear to have been given before said tribunals. Upon the facts found the fair presumption, we think, is that such shares are so taxed elsewhere, and consequently are exempt under our law unless it is made to appear that they were not so taxed.

As this was not done in this case, we advise the Superior Court to render judgment for the plaintiff.

In this opinion the other judges concurred; except LOOMIS, J., who concurred only in the result.