W. S. JUDY, County Treasurer of Henry County, Iowa, Appellant, v. S. E. BECKWITH ET AL., as Executors of the Will of Warren Beckwith, deceased, Appellees.

**Taxation:** STOCK OF FOREIGN CORPORATION. The capital stock of a
1  foreign corporation is to be assessed to the owner residing within the State at his place of residence, regardless of its assessment in the foreign State.

**Same:** CLASSIFICATION. For the purposes of taxation shares of
2  stock in a corporation are classified as personal property.

**Same:** DOUBLE TAXATION. The taxation of corporate stock in the
3  domicile of the corporation and also to the owner residing in another State is not double taxation within the condemnation

of the law; it is only where the additional burden is imposed upon the same property by the same sovereignty.

**Same.** There is a distinction between the capital stock of a corporation and the shares of its capital stock; each represent different property rights which are the subject of taxation.

**Same: CONSTITUTIONAL LAW.** The statutes authorizing the listing and assessment of shares of capital stock, held by residents of the State in a foreign corporation, are not unconstitutional in the sense that they are not uniform in operation.

*Appeal from Henry District Court.*— HON. JAMES D. SMYTH, Judge.

WEDNESDAY, JANUARY 15, 1908.

The opinion states the material facts.— *Reversed.*

*McCoid & Finley* and *Ben McCoy,* for appellant.

*W. I. Babb,* for appellees.

WEAVER, J.— The appellees are the executors of the will of Warren Beckwith, late of Henry county, Iowa. The question at issue is the liability of the estate of said Beckwith for the payment of certain taxes. In July, 1906, after the death of the testator, the treasurer and auditor of the county instituted proceedings under the statute which provides for the collection of taxes on property omitted from assessment. Notice being duly served, the executors entered an appearance to said proceedings and made answer, alleging that the testator had listed and paid taxes upon all of the property owned by him and legally subject to assessment in Henry county during all of the period covered by said claim, and that the property now sought to be taxed, consisting of certain shares of stock in corporations organized and doing business in the State of Illinois, was taxable alone in that State and had in fact been there taxed. They also allege that the imposition of taxes upon said property as asked would operate to subject it to double taxation,

in violation of the Constitution of the State of Iowa and of the Constitution of the United States. The objection thus raised being overruled, the property was listed for taxation, and the defendants appealed therefrom to the district court, where the matter was submitted upon certain records and an agreed statement of facts. The records to which reference is here made consist of the books, papers, and entries pertaining to the proceedings had for the listing and assessment of the alleged omitted property, and as they appear to be formal, and are not material for our consideration in disposing of this appeal, it is not necessary that we set them out at large. The agreed facts are as follows:

First. That Warren Beckwith died testate in the year 1905, and defendants are his executors, residing in said county; that said Warren Beckwith was a resident of Mt. Pleasant, Iowa, during all the years named up to the time of his death, and his estate is being administered upon in Henry county, Iowa. Second. That said Warren Beckwith owned on January 1, 1902, 1903, 1904, and 1905, 1,710 shares of stock, at the par value of $100 each, in the Western Wheeled Scraper Company, a corporation solely engaged in manufacturing business and organized under the laws of Illinois and doing business at Aurora, Ill., which was its principal place of business, and where its manufacturing business was carried on; that his executors held the same shares on January 1, 1906; that the fair market value of said stock in each of said years was $100 per share; that said Warren Beckwith also owned on the 1st day of January, 1903, 1904, and 1905, 1,710 shares of stock in the Austin Manufacturing Company, of the par value of $100 each, which corporation was engaged solely in the business of manufacturing and was organized under the laws of Illinois, its principal place of business being at Harvey, Ill., where its manufacturing business was carried on; that his executors held the same stock on January 1, 1906; that the fair market value of said stock was, on the 1st day of January of each of said years, the sum of $50 per share. Third. That both of said corporations were duly assessed by the proper authorities in each of said years in Illinois, where their principal place of business was located, on all

their property, including the shares of the capital stock and franchise, as required by the laws of Illinois, which laws are shown in chapter 120 of the Revised Statutes of Illinois, compiled and edited by Henry B. Hurd, and published by the Chicago Legal News in 1887, and the taxes so assessed were paid each of said years by said respective corporations; that the same has not been listed or assessed at Henry county, Iowa, for either of said years.

Upon this showing the district court found for the defendants and entered a decree annulling the assessment of the corporate shares of stock owned by said estate. From this finding the plaintiff has appealed. The one question presented in argument is whether the shares of stock which the testator concededly owned and held in an Illinois corporation were taxable to him at his place of residence in Iowa. This question is negatived by the appellee on several grounds, which we will now consider.

I. It is said that the policy of this State has always been to tax the shares of capital stock to the corporation and not to the shareholder, and that it is a necessary extension of this policy to hold that shares issued by a nonresident corporation, which is subject to taxation in the jurisdiction where it is organized, should not be burdened with taxation in the hands of an owner of such shares in Iowa. An examination of our tax statute will not bear out this argument. By Code, section 1308, " corporation shares or stock not otherwise assessed or excepted " are expressly included in the enumeration of taxable property. By section 1310 " corporation shares or stocks " are again classed as taxable with moneys and credits and other securities. By section 1312 every inhabitant of the State is required to list for the assessor " all property subject to taxation in the State of which he is the owner." Section 1313 provides that " corporate shares or stocks not otherwise assessed shall be listed and assessed where the owner lives, except as otherwise provided." It will be seen from this statute, there-

1. TAXATION: stock of foreign corporation.

fore, that it is the duty of every holder of shares of corporate stock to list the same for taxation, except in those instances where the statute has especially provided for its taxation in some other manner. Counsel seek to avoid this result in the following manner: They say in substance that the statute requires the owner to list only those corporate shares not otherwise assessed or otherwise taxed in kind, and as the shares now in question were assessed in Illinois they are therefore not taxable here. But this construction cannot be allowed.

In the first place, as we shall hereinafter see, the shares owned by the testator were not assessed in Illinois. But even if that point be waived, and it be conceded that the shares were in fact assessed in Illinois, it cannot be presumed, at least in the absence of a clearly expressed purpose to that effect, that the Legislature undertook to relinquish in favor of another State its sovereign right to tax any and all property found within its jurisdiction. The plain and simple meaning of the language upon which appellees place reliance is not far to seek nor difficult to comprehend. The chapter in which it is found provides several different methods for assessing and taxing the property and shares of different classes of corporations. For instance, we find that shares of stock in manufacturing corporations organized in this State, where the corporate property is assessed in kind, are exempted entirely (Code, section 1319); shares in a national bank are made assessable only at the place where the bank is located (Code, section 1322); shares in corporations for pecuniary profit generally are made taxable at the principal place of business of each corporation (Code, section 1323); and shares in State and savings banks are assessable direct to the banks, and not to the shareholders (Code, section 1322). In view of these various provisions, the Legislature wisely sought to avoid confusion and possible double taxation by requiring the owner to list only such shares held by him as are not exempted, or assessed, or taxed

in kind, under other provisions of the same statute. In other words, the apparent and reasonable intent of the Legislature was not to yield its taxing power to that of another State, but to harmonize the several provisions of our own scheme of taxation in such manner that, when a share of stock shall have once been properly assessed or exempted under one section of the statute, it shall not be subject to be taxed under another section. Without taking time for further reference to the statute, we feel entirely safe in the assertion that there is no existing legislation in this State which expressly or by implication excepts from the category of taxable property the shares of capital stock owned or held by residents of the State in a foreign corporation. On the contrary, the statutory provisions to which we have made reference very clearly require the assessment and taxation of all such property to the owner at his place of residence, unless we are to hold that as a matter of law the property has no *situs* within the State, and is therefore beyond the territorial jurisdiction or power of our Legislature to provide for its taxation, or that the statute authorizing such taxation is obnoxious to some provision of the Federal or State Constitution.

II.   Bearing upon the first phase of this question, counsel for appellee say that shares of stock are in only a very limited and qualified sense to be classified as personal

2. SAME: classi-    property, and are rather merely written evi-
fication.            dence of the fact that the shareholder has a
certain interest in the property of the corporation. While corporate shares possess some peculiar qualities and characteristics, we think that none have ever been discovered which take them out of the class ordinarily termed " personal property." True, it is a property which is somewhat intangible in character, but scarcely more so than are those other items of property embraced in the familiar general term " moneys and credits." For the purposes of taxation, as for most other purposes, all property may be classified

in two great divisions — real estate and personalty. So far as we have been able to discover by reference to the almost innumerable cases bearing in some degree upon the question, there is and always has been an entire unanimity in classifying shares of stock in a corporation as personal property, without any reference to the nature of the corporation or of the class or kind of property in which its capital may be invested. Illustrative of this proposition, see *Great Barrington v. Commissioners,* 16 Pick. (Mass.) 572; *Dwight v. Mayor,* 12 Allen (Mass.) 316 (90 Am. Dec. 149); *In re Jones,* 172 N. Y. 575 (65 N. E. 570, 60 L. R. A. 476); *Kent v. Mining Co.,* 78 N. Y. 159; *Weaver v. Barden,* 49 N. Y. 286; *Lee v. Sturges,* 46 Ohio St. 153 (19 N. E. 560, 2 L. R. A. 556); *Belo v. County,* 82 N. C. 415 (33 Am. Rep. 688); *Denton v. Livingston,* 9 Johns. 96 (6 Am. Dec. 264).

A shareholder and the corporation are two distinct persons. Their rights and interests with relation to the property and business are distinct and severable. The corporation is the sole owner of such property, while a share of the capital stock simply entitles the holder to demand his just proportion of dividends, and, when the corporation is dissolved, to also demand his like proportion of the remnant of assets. Such a right, as is well said in *Kent v. Mining Co.* and *Denton v. Livingston, supra,* is in the nature of a chose in action. Outstanding shares of stock are properly rated as a liability of the corporation. Whether the owner resides where the corporation is organized or takes them to another State, all of the essential incidents of personal property attach to them in his hands. If he is wrongfully deprived of them, he may maintain an action for their conversion, as he would for the conversion of a horse or a promissory note. *Doyle v. Burns,* 123 Iowa, 488. If he dies intestate, their distribution to his heirs is governed by the law of his domicile, and not by the law of the corporate domicile. *McKeen v. County,* 49 Pa. 519

(88 Am. Dec. 515.)   If such shares be personalty in the nature of chose in action, representing valuable rights personal to the owner, no good reason can be assigned why they should not be governed by the usual rule, which makes such property taxable at the owner's domicile.   With but very little discord in the cases, save as objection has been occasionally made in academic discussions, such taxation is upheld by all of the courts.   *Dyer v. Osborne,* 11 R. I. 321 (23 Am. Rep. 460); *Bank v. State,* 9 Yerg. (Tenn.) 490; *Great Barrington v. Berkshire,* 16 Pick. (Mass.) 572; *McKeen v. County,* 49 Pa. 519 (88 Am. Dec. 515); *Ogden v. St. Joseph,* 90 Mo. 522 (3 S. W. 25); *Watson v. Fairmount,* 38 W. Va. 182 (18 S. E. 467); *Lockwood v. Weston,* 61 Conn. 211 (23 Atl. 9); *Seward v. Rising Sun,* 79 Ind. 351; *Dwight v. Mayor,* 12 Allen (Mass.) 316 (90 Am. Dec. 149); *Van Allen v. Assessors,* 3 Wall. (U. S.) 573 (18 L. Ed. 229); *Griffiith v. Watson,* 19 Kan. 23; *Worthington v. Sebastian,* 25 Ohio St. 1.   True it is that, in granting a charter or in providing a general law for the organization of corporations, the Legislature may reserve the right to tax the shares of stock direct to the corporation, as is done by our own statute with reference to State banks; and by force of the statute in such cases the *situs* of the shares for taxation by such State remains in the place of the corporate domicile, without regard to the residence of the holder; but in the absence of such restriction the State has no power to lay a tax upon shares owned by persons residing out of its territorial jurisdiction.   See *Bank Tax Cases,* 3 Wall. (U. S.) 573 (18 L. Ed. 229); *Railroad Co. v. Commonwealth,* 82 U. S. 300 (21 L. Ed. 179); *Tappan v. Bank,* 86 U. S. 490 (22 L. Ed. 189).

It is urged, however, that even if the general rule be conceded to be as stated, still, where the effect of its application is to impose double taxation, the courts will refuse to apply it.   Few will be disposed to deny that double taxation, within the proper mean-

3. SAME: double taxation.

ing of that expression, is not favored in law. *Tallman v. Butler County*, 12 Iowa, 534; *Bank v. Young*, 25 Iowa, 311; *Faxton v. McCosh*, 12 Iowa, 527. But the trouble with the appellee's case is in the fact that the taxation which they are here resisting is not double within the rule to which they appeal. Each State is sovereign within its own territorial jurisdiction, and its power to tax any and all property therein, except such as is in actual transit through it, cannot be taken away, limited, or lessened by the act of the taxing authorities of any other State. *Transit Co. v. Des Moines*, 128 Iowa, 733; *Steel Co. v. Speed*, 192 U. S. 500 (24 Sup. Ct. 365, 48 L. Ed. 538); *Coe v. Errol*, 116 U. S. 517 (6 Sup. Ct. 475, 29 L. Ed. 715); *Brown v. Houston*, 114 U. S. 622 (5 Sup. Ct. 1091, 29 L. Ed. 257); *Coal Co. v. Bates*, 156 U. S. 577 (15 Sup. Ct. 415, 39 L. Ed. 538); *Pullman Co. v. Commonwealth*, 141 U. S. 18 (11 Sup. Ct. 876, 35 L. Ed. 613); *Railroad Co. v. Church*, 17 Colo. 1 (28 Pac. 468, 31 Am. St. Rep. 252); *Catlin v. Hull*, 21 Vt. 152; *Appeal Tax Court v. Patterson*, 50 Md. 354. When a State finds property within its jurisdiction, it is not necessary, before taxing it, to investigate and ascertain whether any other State has already taxed it or asserts the right so to do; and if it happens that two or more jurisdictions have levied a tax upon the same item or description of property for the same period it is not double taxation within the condemnation of the law. A double taxation, obnoxious to the rule, is where the second or additional burden is imposed by the same sovereignty which imposed the first. In the words of the Ohio court: " Double taxation in a legal sense does not exist, unless the double taxation is levied upon the same property in the same jurisdiction." *Bradley v. Bauder*, 36 Ohio St. 28 (38 Am. Rep. 547). A resident of Rhode Island owned shares in a Massachusetts corporation. The shares were assessed in the latter State, and the taxes there levied were paid. Being assessed on the same shares in the State of his residence,

the shareholder sought to avoid the levy on the same plea put forth by the appellee herein. The court overruled the defense, saying: "It is doubtless a hardship to pay taxes on the same property in two States; but the Massachusetts tax, even if valid, could not deprive this State of its jurisdiction. The laws of Rhode Island are paramount in Rhode Island, and all of the inhabitants of the State are subject to them, without regard to the laws of any other State." *Dyer v. Osborne,* 11 R. I. 321 (23 Am. Rep. 460). To the same effect, see *Seward v. Rising Sun,* 79 Ind. 351; *Bacon v. Commissioners,* 126 Mich. 22 (85 N. W. 307, 60 L. R. A. 321, 86 Am. St. Rep. 524); *Griggsby v. Freeman,* 108 La. 435 (32 South. 399, 58 L. R. A. 349).

The rule applies, not alone to corporate shares, but to moneys and credits, and other personalty of kindred nature. If by the law of one State such property is to be taxed to the person owning it on the 1st day of January, and by the law of a neighboring State similar property is taxed according to its ownership on the 1st day of March, a person moving from the former State to the latter in February may find himself assessed with the same property for the same year in both places, and neither State will be under any obligation to yield its claim because of the apparent hardship to the taxpayer. Such a circumstance affords an instance of what is sometimes called "duplicate taxation," as distinct from double taxation, which most States seek to avoid within their several jurisdictions. If, then, the State of Illinois shall make it a condition of the organization of a corporation that its shares of stock shall be exempt from taxation, or that such shares shall pay taxes each year at the domicile of such corporation, neither the exemption so provided nor the burden of local taxation so imposed can in any manner operate to relieve the owner and holder of such shares residing in Iowa from the duty of here listing them with his taxable assets. Any other rule would be a fruitful source of endless and vexatious complications, and open the

door to abuses by which persons of wealth, if so inclined, may enjoy the protection and the advantages afforded by the laws of the State where they reside without contributing to the burden of its support.

Thus far we have considered the case upon the theory that the holders of the shares of stock here involved have paid taxes thereon in Illinois; but a careful examination of the agreed facts will show that such is not the case. The stipulation is that the corporations issuing said stock were duly assessed and paid taxes at their principal places of business on all of their property, including the shares of capital stock and franchise, " as required by the laws of Illinois as shown in chapter 120 of the Revised Statutes of Illinois as compiled and edited by Henry B. Hurd." To ascertain just what this concession means, we read the Illinois statute there referred to, and find that taxation of corporate property is subject to the provision that, " where the tangible property or capital stock of any company or association is assessed under this act, the shares of capital stock of such company or association shall not be assessed or taxed " in Illinois. Thus it will be seen that, notwithstanding the broad preliminary statement in the stipulation of facts, the taxes paid by the corporation are such only as have been levied upon its property or capital stock, and that the shares of stock are made exempt from taxation in that State. In other words, the laws of Illinois recognize the distinction made by nearly all courts between the capital stock of a corporation and the shares of stock in the hands of the individual holders thereof, and provide for the exemption of the latter where the taxes are paid on the former. This distinction between capital stock and shares of stock is too thoroughly established to justify prolonged discussion. Capital stock is the aggregate of the money invested in the corporate enterprise by the subscribers thereto, and may consist of the cash thus contributed, or be represented by the property, real or personal, in which such

4. SAME.

cash has been invested. Shares of stock, as we have already noticed, represent and evidence the right of the holder to vote at corporate meetings and to receive his portion of dividends and of the residue of the property of the corporation upon its dissolution. Capital stock and shares of capital stock represent different property rights, one belonging to the corporation and the other to the shareholders, and both may be taxed without violation of any established principle of law. *Cook v. Burlington,* 59 Iowa, 251; *Farrington v. Tennessee,* 95 U. S. 679 (24 L. Ed. 558); *Trust Co. v. Lander,* 184 U. S. 111 (22 Sup. Ct. 394, 46 L. Ed. 456); *In re Jones' Estate,* 172 N. Y. 583 (65 N. E. 570, 60 L. R. A. 476); *Memphis v. Insurance Co.,* 91 Tenn. 562 (19 S. W. 1044); *Sturges v. Carter,* 114 U. S. 521 (5 Sup. Ct. 1014, 29 L. Ed. 240); *Bradley v. Bauder,* 36 Ohio St. 35 (38 Am. Rep. 547); *Lee v. Sturges,* 46 Ohio St. 162 (19 N. E. 560, 2 L. R. A. 556); *Railroad Co. v. Morrow,* 87 Tenn. 420 (11 S. W. 348); *Commonwealth v. B. & L. Co.,* 90 Va. 790 (20 S. W. 364, 44 Am. St. Rep. 950); *Bank v. Commonwealth,* 9 Wall. (U. S.) 353 (19 L. Ed. 701); *Belo v. County,* 82 N. C. 415 (33 Am. Rep. 688); *Van Allen v. Nolan,* 70 U. S. 573 (18 L. Ed. 229); *Shelby Co. v. Bank,* 161 U. S. 149 (16 Sup. Ct. 558, 40 L. Ed. 650).

Applying this rule, it has been held that the taxation of the capital stock and property at the place of the corporate domicile will not relieve the shareholder from taxation upon his shares at his domicile in another State. *Griffith v. Watson,* 19 Kan. 23; *Worthington v. Sebastian,* 25 Ohio St. 1; *Dyer v. Osborne,* 11 R. I. 321 (23 Am. Rep. 460). So, too, where the shares are exempt in the State where issued, they are taxable at the residence of the holder in another jurisdiction. *Appeal Tax Court v. Patterson,* 50 Md. 354; *Same v. Gill,* 50 Md. 377; *Holton v. Bangor,* 23 Me. 264. The opinion of the court in *Stroh v. Detroit,* 131 Mich. 109 (90 N. W. 1029), cited and relied upon by appellee, is not in point with the case before us. The court there holds that

a statute of the State of Michigan exempting from taxation shares of stock in a domestic corporation whose property is either exempt or taxable direct to itself is applicable to shares in a foreign corporation the property of which is within the State of Michigan and assessed for taxation therein. It is true that in its discussion the court seems to express a doubt whether the general rule that corporate property and shares of corporate stock are distinct and severable property interests for purposes of taxation is sound in principle, but concedes that it has itself felt impelled by the weight of authority to recognize the distinction. *Bacon v. Board,* 126 Mich. 22 (85 N. W. 307, 60 L. R. A. 321, 86 Am. St. Rep. 524). We shall not take time to consider abstractly the justice of the rule, further than to say that, while it may work hardship in some individual cases, its general tendency is to promote equality in the distribution of the burdens of taxation. Such taxation is no more cumulative or oppressive than is the rule which taxes the land in the hands of the purchaser and the mortgage which represents a part of or all of its purchase price in the hands of the seller. *Railroad Co. v. Morrow,* 87 Tenn. 406 (11 S. W. 348). If the situation is one which calls for a change, relief is to be sought at the hands of the Legislature. We cannot properly do more than apply the law as it stands, and as it has been construed and enforced by the courts of the highest authority for many years.

III. Nor is there constitutional ground on which these taxes can be successfully assailed. Counsel cite to us the provisions of our State Constitution to the effect that all laws must have a uniform operation, and that no citizen shall be granted privileges or immunities not open to all citizens on the same terms, and that the property of all corporations for pecuniary profit shall be subject to taxation the same as that of individuals. We confess our entire inability to extract from these provisions the meaning which appellees profess to find

5. SAME: constitutional law.

therein. The principles there affirmed are not obscure. Their soundness will be conceded; but their pertinence to this case is not apparent. Nor is the position of counsel in this respect aided in the least by the two cases cited for that purpose — *Dubuque v. Railroad Co.*, 39 Iowa, 56, and *Insurance Co. v. French*, 109 Iowa, 587. The first of these precedents does not present a case of so-called double taxation, nor in any manner limit the right of the State to tax any and all property found within its territory. The other simply holds that a law imposing a tax on the gross earnings of insurance companies and relieving them from all other taxation is unconstitutional, being in violation of the provision that the property of corporations shall be taxed the same as the property of individuals. Neither case is in any manner inconsistent with the views we have here expressed. Moreover, this court has explicitly held that the imposition of a tax upon corporate property and also upon the shares of stock is not an unconstitutional exercise of State power. *Cook v. Burlington, supra.* Except where limited by some constitutional provision, the power of the State to tax is unlimited. There is no room for reasonable doubt that the State may constitutionally tax shares owned and held by its residents in foreign corporations, and if our tax statutes contemplate the listing and assessment of such shares, as we hold they do, the district court was in error in vacating the assessment made in the present case.

It follows that the decree must be reversed, and the cause remanded for further proceedings in harmony with this opinion.— *Reversed.*