CHARLES A. LOUD & others *vs.* CITY OF CHARLESTOWN.

Persons not residing in a town, and having therein no store, shop or wharf, are not sub-
ject to taxation there by reason of there hiring a yard in which they keep and sometimes
sell lumber and have put up a small building for the convenience of men employed by
them.

CONTRACT to recover taxes assessed by the defendants upon
lumber of the plaintiffs, doing business under the name of Loud
Brothers & Kreuger, and paid by the plaintiffs under protest.

At the trial in the superior court, before *Morton,* J., the fol-
lowing facts appeared : None of the plaintiffs were ever resi-
dents of Charlestown; they were lumber dealers, had a place
of business in Boston, and kept part of their lumber in Boston,
and part on land in Charlestown, which they occupied as tenants
at will, and on which they had erected a small one-story build-
ing, some eight feet square, having in it a chair and a lounge,
and occasionally occupied by workmen employed by them to
load and unload lumber. These men were sent there from time
to time, but were not there regularly. The building had on it a
sign, "Loud Bros. & Kreuger, Mahogany and Western Lum-
ber : Office 8 Canal Street, Boston." A few sales had been
made by the plaintiffs' men in Charlestown, but the plaintiffs
testified that these were contrary to their orders.

The defendants requested the judge to instruct the jury,
" 1. that, if they were satisfied that the plaintiffs hired or occu-
pied any shop, store or wharf in Charlestown, and of which they
had actual possession, use and control, whether by written lease
or as tenants at will, then they should find for the defendants ,
2. that, if the jury found that the plaintiffs kept any property,
which was a part of their stock in trade, upon premises leased
by them in Charlestown, such property would be liable to taxa-
tion in Charlestown, whether they had a place of business there
or not; and 3. that, if the jury were satisfied that the plaintiffs
kept any of their stock in trade upon premises, leased by them,
in Charlestown, and made any sales of such property on the
premises, by their agents or otherwise, then they had such a

place of business in Charlestown as would render them liable to taxation therein."

The judge instructed the jury as requested in the first prayer of the defendants, and also instructed them that "the plaintiffs would be liable to taxation in Charlestown, and could not recover in this action, if they carried on or had a place of business there; but that the mere storage of lumber there, if their sole place of business was in Boston, would not render them liable to taxation;" and refused to instruct them according to the second and third prayers of the defendants. The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*H. W. Bragg*, for the defendants.

*C. P. Judd*, for the plaintiffs, was stopped by the court.

WELLS, J. The defendants could have no authority to levy the tax in question otherwise than under Gen. Sts. *c.* 11, § 12, *cl.* 1. There is no pretence that the plaintiffs had any manufactory in Charlestown; and the jury have found that they had no store, shop or wharf there. The fact that they hired a lumber yard there, upon which they stored and sometimes sold lumber, and a small building for the convenience of men employed there, would not subject them to taxation for their personal property so being in Charlestown. They were liable to be taxed for it either in Boston, where they had a store and transacted their business mainly, or at their place of residence, and not wherever the property happened to be situated. The case seems to be entirely covered by the decision in *Huckins* v. *Boston*, 4 Cush. 543. *Exceptions overruled.*