CITY OF CHARLESTOWN *vs.* COUNTY COMMISSIONERS OF MIDDLESEX.

The furniture of an inn is taxable to the innkeeper only in the town of which he is an inhabitant.

One who, by a mistake of his rights, returns to the assessors, as liable to taxation, a list of property which by law is exempt, is not thereby estopped to claim an abatement of the tax.

A petitioner for a writ of *certiorari* cannot control by extrinsic evidence the record of the proceedings which he seeks to quash.

County commissioners are not authorized to award costs upon an appeal from the refusal of assessors to abate a tax.

MORTON, J. This is a petition for a writ of *certiorari* to quash the proceedings of the county commissioners upon a com

plaint of Daniel Chamberlain for the abatement of a tax assessed upon him by the city of Charlestown in the year 1869. The respondents, as a part of their answer, file a full copy of their rec ord of proceedings in the premises.

It appears that Chamberlain in May 1869 was a resident of Boston, and was lessee of the Waverly House in Charlestown, which he was carrying on as a hotel, and that he owned the furniture of said hotel. Within the time required by the notice of the assessors, namely, on June 9, 1869, he filed with the assessors a list of his estate liable to taxation,' subscribed and sworn to by him, which list included the furniture of the hotel, valued at $62,000, and other personal property valued at $3000. The assessors did not accept this valuation, but assessed a tax upon the said Chamberlain for personal property to the value of $75,000. He thereupon duly applied to the assessors for an abatement of his tax; and they abated the tax upon $10,000, and refused to make any further abatement. Within one month after such refusal, he filed his complaint, in the nature of an appeal, with the county commissioners, who, after due notice and a hearing, abated the tax assessed upon the furniture of the hotel.

The first and most important question in the case is, whether Chamberlain was taxable in Charlestown · upon the furniture owned by him and used in carrying on the hotel. He was an inhabitant of Boston.. The general provision of the statute is, that " all personal estate, within or without this state, shall be assessed to the owner in the city or town where he is an inhabitant on the first day of May." Gen. Sts. *c.* 11, § 12. Chamberlain therefore was taxable for this furniture in Boston, unless the case is within one of the exceptions to this general provision. The petitioners claim that it falls within the first exception, which is as follows : " All goods, wares, merchandise and other stock in trade, (except ships or vessels owned by a copartnership,) including stock employed in the business of manufacturing or of the mechanic arts, in cities or towns within the state, other than where the owners reside, whether such owners reside within or without this state, shall be taxed in those places where the owners hire or occupy manufactories, stores, shops or wharves,

whether such property is within such places or elsewhere, on the first day of May of the year when the tax is made." To make a person taxable under this provision, in a town of which he is not an inhabitant, it must appear that he hires or occupies a manufactory, store, shop or wharf in such town. Unless he does, he is not taxable in such town for any goods or merchandise he may have there, however large in value, but is liable to taxation upon such goods in the town of which he is an inhabitant. *Huckins* v. *Boston*, 4 Cush. 543. *Loud* v. *Charlestown*, 103 Mass. 278. We think this case does not fall within this provision. Chamberlain hired and carried on a hotel in Charlestown, but it would be a distortion of language to say that his hotel was either a manufactory, shop, store or wharf. Upon no reasonable construction of the language of the statute relied upon by the petitioners, can the case be held to be within its provisions. The commissioners correctly decided that he was not taxable in Charlestown upon the furniture used in the hotel.

But the petitioners contend that neither the assessors nor the commissioners had authority to abate the tax, because Chamberlain included the furniture in his sworn list as property liable to taxation. We find in the statutes no such limitation of the power of the commissioners or assessors. If the taxpayer makes it appear that he is taxed at more than his just proportion, they are to make a reasonable abatement. Gen. Sts. *c.* 11, § 43–46. We can see no reasons, of justice or public policy, why, if he by a mistake of his rights returns to the assessors as liable to taxation property which is by law exempt, he should be thereby estopped to claim a reasonable abatement, and compelled to pay more than his just proportion of the taxes. This question was substantially decided in *Dunnell Manufacturing Co.* v. *Pawtucket*, 7 Gray, 277.

The evidence offered by the petitioners, to the effect that Chamberlain devoted a part of the hotel to the sale of cigars and liquors to the public as well as the guests of the hotel, and for a public billiard table, was inadmissible. They cannot by evidence *aliunde* control the record of the commissioners. *Mendon* v. *County Commissioners*, 5 Allen, 13.

The petitioners further contend that the commissioners erred in awarding that the city of Charlestown pay the costs of the proceedings, to be taxed by the commissioners. It was decided in *Lowell* v. *County Commissioners*, 3 Allen, 546, that the commissioners have no power to award costs in such case. This part of their judgment therefore was erroneous, and f( r the sole purpose of correcting this error a writ of

*Certiorari may issue.*

*H. W. Bragg*, for the petitioners.
*T. H. Sweetser & W. S. Gardner*, for the respondents.