## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

STATE BANK OF VIRGINIA v. CITY OF RICHMOND.

May 7, 1884.

1. TAXATION—*Capital Stock—Shares.*—The capital stock and the *shares* of the capital stock are distinct things. Both may be taxed, and it is not double taxation, *Farrington* v. *Tennessee,* 95 U. S. 686–7.

2. IDEM—*Assessment.*—Where ordinance directs assessment of tax " on all personal property, money and credits, including all capital stock," &c., the valuation of the personal property of a bank is rightly ascertained by adding to the paid up capital the demand notes of stockholders given for unpaid up capital stock, drawing interest and held by the bank. *Ins. Co.* v. *County,* 9 Penn. S. R. 413.

3. IDEM—*Taxable Property—Situs of debt.*—Domicile of holder of evidence of debt is the *situs* of the debt for taxation purposes. Notes held by a bank located in a city are taxable by said city, wherever the makers may reside, whether in or out of the city or in or out of the state.

4. IDEM—*Penalty.*—Where tax has been lawfully assessed, and is not paid when due, of course the penalty imposed by the ordinance for non-payment of the tax may rightly be enforced.

Error to judgment of circuit court of city of Richmond, rendered 19th December, 1874, in an action at law wherein the State Bank of Virginia was plaintiff, and the city of Richmond was defendant. Under an ordinance passed 8th April, 1872, a tax of $1.25 on the $100 value of personal property, moneys and credits, including capital stock, &c., within said city, a tax of $3,126.25 was assessed upon the capital stock of the said bank, consisting of $159,804 of paid up stock and $90,296 of demand notes given by the stockholders to the bank and held by it, for unpaid up stock, and bearing interest. The capital stock thus

assessed was owned by persons living in the city, out of the city but within the state, and beyond the state. The tax-bill showed that the assessment was on "the money, bonds and personal property of the bank." The tax not having been paid when due, the penalty, ten per centum, prescribed by the ordinance, was added, and the whole was finally paid under protest. The bank then sued for the recovery of the excess alleged to have been assessed, that is, the assessment on the demand notes and on the stock owned by persons living out of the city. The judgment was in favor of the city, and the bank obtained a writ of error to this court.

*Guy & Gilliam,* for the plaintiff in error.

*A. M. Keiley,* for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court:

The material facts disclosed by the record are as follows, viz: On the 1st February, 1882, there had been subscribed to the capital stock of the bank 2,501 shares, of $100 each, making a subscribed capital stock of $250,100. There had been paid in by the shareholders on their subscriptions $159,804, and demand notes were given for the unpaid portion of the subscriptions, $90,296. The value of the share, if fully paid up, was $100.

By an ordinance of the city, passed April 8th, 1872, a taxation of $1.25 on the one hundred dollars value of various kinds of property, was provided for. Under this ordinance the city assessed upon the "money, bonds and personal property" of the State Bank of Virginia, the tax of $3,126.25, being at the rate of $1.25 on $250,100, the whole taxable capital of the bank. Upon the failure of the said bank to pay this aforesaid tax, or one-half thereof, as demanded, on or before the 1st July, 1872, the city, in December, 1872, enforced by levy the payment of the whole amount, with ten per centum penalty added ($312.63)

making the whole amount $3,483.38.   After this payment was made, under compulsion and protest, the said bank sued the city of Richmond in the circuit court of the said city, to recover so much of the said tax as was unlawfully imposed and collected. The 'cause was regularly matured, and, by consent of parties, a jury was waived, and the whole matter of law and fact was submitted to the court, upon facts agreed.   The court gave its judgment against the said bank, and affirmed the validity of the tax assessed and collected by the city of Richmond.

The plaintiff in error insists that the assessment on which the tax was levied, which was pronounced to be lawful by the court below, was an assessment of the *shares* of stock at their *par* value, and not, as the city ordinance required, at their *market* value; that the shares of non-resident shareholders were taxed, and that these impositions being illegal, the penalty exacted for their non-payment was illegal.

The question to be resolved by this court is, whether the tax imposed by the ordinance was assessed properly upon the property, or, as the tax-bill in the record phrases it, "money, bonds and personal property" of the bank, or on the *shareholder* and his *shares* of stock in the bank?

The plaintiff in error contends, that inasmuch as the market value of the shares of stock in the bank was only $159,804 (the amount of the paid up subscriptions), an assessment of the "money, bonds and personal property" of the bank (including the notes for the unpaid stock subscriptions) amounting to $250,100, was improper.

The tax-bill itself shows upon its face, that the assessment was not upon the *shares of stock*, but upon the capital of the bank.   It follows the language and intent of the ordinance, which directs the levy of the city tax upon "all personal property,   *   *   *   on all money and credits,   *   *   *   and herein shall be included all capital stock," &c.

" The *capital stock*, and the *shares* of the capital stock, are distinct things.   The capital stock and the shares may both be

taxed, and it is not double taxation." *Farrington* v. *Tennessee*, 95 U. S. 686–7.

The valuation of the personal property of the plaintiff in error was ascertained by adding to the paid up capital of $159,804, the demand notes of the shareholders owned by the bank, and drawing interest, amounting to $90,296 ; the whole making the taxable capital $250,100.

But the plaintiff in error contends that these demand notes should not enter into the assessment. The record shows that the value of the stock, if fully paid up, was $100 per share; and though they were not fully paid up, yet the bank held notes for the unpaid parts of the shares of the stock ; and these notes were a part of the productive capital of the bank, and constituted a valuable asset of the bank ; and they were, we think, properly included in the assessment of the personal property of the bank. This very question arose in *Insurance Company* v. *County*, 9 Pennsylvania St. R. 413 ; and the supreme court of that state held such notes to be taxable. The same principle was decided in *State Bank* v. *Brackenridge*, 7 Blackford (Indiana), 395.

The supreme court of the United States, in the case of *Kirtland* v. *Hotchkiss*, 100 United States, 498, said : " The creditor (the bank) is a resident within the jurisdiction of the State imposing the tax. The debt is property in his hands, constituting a portion of his wealth, from which he is under the highest obligation, in common with his fellow-citizens of the same state, to contribute for the support of the government, whose protection he enjoys."

The *situs* of a debt, for the purposes of taxation, is the domicile of the creditor. Hilliard on Taxation, chapter 4, section 69 ; Cooley on Taxation, 63.

The second assignment of error is, that it was unlawful to tax the *shares* of non-resident stockholders. Here, as before, the vice of the contention is, the assumption that this assessment and tax imposed are on the *shares* of the non-resident or

resident shareholders.    The assessment, and the tax imposed by the city of Richmond, are only upon the *capital* of the State Bank of Virginia, a resident corporation liable to taxation.

The last error assigned is the enforcement of the penalty imposed by the city ordinance of ten per centum upon the amount of delinquency for failure to pay one-half of the amount of the tax prior to July 1, 1872.    By the charter of the city of Richmond the city had the right at that time to impose the penalty of ten per centum upon the amount of tax due and unpaid, and as we have held the assessment and tax levied to be lawful and right, it follows, of necessary consequence, that the penalty was rightfully enforced.

We find no error in the judgment of the circuit court of the city of Richmond complained of, and the same must be affirmed.

JUDGMENT AFFIRMED.