WILLIAM E. FARWELL *vs.* JAMES A. HATHAWAY.

Suffolk. January 27, 1890. — February 27, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Tax on Personal Property — Non-resident — Occupancy of Store or Shop — Stock in Trade.*

A railroad company maintained in a suburban town an extensive stock yard near its tracks, for the care of live animals transported over the line, until payment of its lien for freight, and for a convenient place of sale. The keeper of the yard, a resident of the neighboring city, received for his services all the fees paid for the care and feeding of the animals, he furnishing the food, and for the use of the yard. He owned and employed certain personal property in performing his duties, and stored the necessary hay and grain in a barn on the premises. He was also a member of a firm of cattle dealers, having its principal place of business in the city, which was permitted to use an office and other conveniences for

transacting business at the yard, and paid precisely the same charges for the privilege as other dealers.  *Held*, that such personal property, including the hay and grain, was not taxable to such keeper as a stock in trade; and that neither he nor the firm hired or occupied a store or shop at the yard, within the exception of the Pub. Sts. c. 11, § 20, cl. 1, or were taxable in the town.

TWO ACTIONS OF CONTRACT, by the collector of taxes of the town of Watertown, to recover taxes assessed for the years 1882 and 1883 upon certain horses, vehicles, hay and grain, and other personal property belonging to the defendant.  The cases were tried together in the Superior Court, without a jury, before *Barker*, J., who found for the defendant in each case, and reported the cases for the determination of this court.  The facts appear in the opinion.

*J. B. Goodrich*, for the plaintiff.

*J. Bennett*, for the defendant.

KNOWLTON, J.  It is a general rule, that personal property shall be assessed to the owner in the city or town of which he is an inhabitant on the first day of May ; and the questions in each of the cases before us are, whether the property was stock in trade, and whether the defendant hired or occupied a store or shop in Watertown, where the tax was assessed, so as to bring the assessment within the exception stated in the Pub. Sts. c. 11, § 20, cl. 1.

The assessments were made upon property owned by the defendant individually, and upon other property owned by the firm of Hathaway and Jackson, of which he was a member; but by the terms of the report, if the property was taxable in Watertown, either to the defendant alone, or to the firm, the assessment is to be treated as properly made.

The defendant and his copartner, Jackson, resided in Boston, and were engaged in the business of buying and selling cattle. Their office, at which their general books of account were kept, and the bank at which they did the banking business of the firm, were in the Brighton district of Boston.  They exported cattle, and also made sales at the stock yards in Watertown and in Brighton, and their business in Watertown was not different in kind from that of any other large dealer who brought cattle over the Fitchburg Railroad to be sold there.  The Fitchburg Railroad Company, in connection with its station, had arranged

and constructed a stock yard and market, known as the Union Market Cattle Yard, comprising certain yards, sheds, and barns connected with the railroad tracks, the principal use of which was for feeding cattle, horses, sheep, swine, and other domestic animals brought over the railroad, and for furnishing for them a yard and place of sale. These premises were under the charge of the defendant, as manager and keeper, but they belonged to the railroad company, and were occupied and managed in connection with its business of transporting live animals, and for the convenience of its patrons. It was necessary to have a place where the animals could be fed and cared for on their arrival, and safely kept until the lien of the corporation for freight due on them should be discharged by payment. It was also an advantage to the owners to have an opportunity to exhibit and sell their cattle there. The defendant, as manager and keeper, was an agent doing the business of the railroad company, acting as its custodian of all cattle that arrived there, assigning them places in the yard, furnishing them necessary food, and doing whatever was necessary to be done for them, and not allowing them to be taken away until the proper charges for freight and for keeping in the yard had been paid. In payment for these services he received all the fees and other compensation for the use of the yard, and for the care and feeding.

The firm of Hathaway and Jackson had no greater rights there than other dealers. They paid the same charges as others for the use of the yard, and for care and feeding. In common with all others who brought cattle over the railroad for sale there, they were permitted to use the office, and the conveniences provided for the transaction of business, and were entitled to use the place to negotiate and make sales of their stock in the yard. But they did not hire a store or shop there. They merely availed themselves of privileges which were granted by the railroad company as incidental to their right to receive and take away their animals which had been brought over the railroad. The place could not properly be called a store or shop. Nor did the patrons of the railroad occupy it, within the meaning of the statute. In *Lee* v. *Templeton*, 6 Gray, 579, it is said that, under this statute, he only can be " understood to occupy

an estate, who is in the actual possession, and has the use and efficient control of it, — such an occupation as one who owns or hires would ordinarily have." See also *Huckins* v. *Boston*, 4 Cush. 543; *Loud* v. *Charlestown*, 103 Mass. 278; *Hittinger* v. *Westford*, 135 Mass. 258. It is quite clear that their property was not taxable in Watertown, and was properly taxed in Boston, where they resided and had their principal place of business.

The only remaining question is, whether the property owned by the defendant alone, and used by him as manager and keeper of the stock yard, was taxable in Watertown. One of the buildings in the yard was a barn, which, under his arrangement with the railroad company, he used for the storage of hay and grain with which to feed the animals. It already appears that his occupation of the yard was that of an agent and manager, doing the business of the railroad company. His compensation was from fees; and, besides these, he was allowed to have all that was received for feeding the stock, he furnishing the food. His use of the barn under this contract was an incident to his service, and was not a hiring or occupation of a store or shop, within the meaning of the statute.

Upon the facts reported, the entry in each case must be,

*Judgment for the defendant.*