# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

COMMONWEALTH V. CHARLOTTESVILLE PERPETUAL BUILDING & LOAN COMPANY.

NOVEMBER 8th, 1894.

Absent, Richardson and Hinton, JJ.

1. TAXATION—*Capital stock—Shares—Double taxation*—The capital stock and the shares of the capital stock are distinct things, the former belonging to the corporation and the latter to individuals. Both may be taxed, and it is not double taxation. *State Bank of Va.* v. *City of Richmond,* 79 Va., 113.

2. IDEM—*Construction of statutes—Non-residents.*—Acts 1889–'90, p. 201, § 8, sub-section 2, taxing "capital, including moneys, &c.," and sub-section 3 thereof, taxing "the value of all capital of incorporated joint stock companies not otherwise taxed : *held,* to authorize the taxation of the capital stock of such companies, not otherwise taxed, as well as the shares in the hands of the stockholders of the companies ; as the word "capital" in the former sub-section signifies money or other thing invested, including such shares, whilst in the latter it signifies the capital stock paid in to conduct the business ; and that the words "capital not otherwise taxed," in the latter, is not confined to the holdings of non-resident or otherwise inaccessible stockholders.

Argued at Staunton.    Decided at Richmond.

Error to judgment of corporation court of the city of Charlottesville, rendered September 30, 1893, on a motion of the Charlottesville Perpetual Building and Loan Company for the correction of certain alleged erroneous assessments of taxes, and for the refunding of certain taxes alleged to have been

illegally exacted of the plaintiff on its capital stock. The judgment being in favor of the plaintiff, the commonwealth obtained a writ of error from one of the judges of this court. Opinion states the case.

*Attorney-General R. Taylor Scott,* for commonwealth.

*George Perkins,* for defendant in error.

LEWIS, P., delivered the opinion of the court.

The question to be determined is, whether the capital stock of the appellee, the Charlottesville Perpetual Building and Loan Company, an incorporated joint stock company, is taxed by the third sub-division of the eighth section of the revenue law of 1890, or whether, if it is taxed at all, the tax thereon is included in the tax imposed on the shares in the hands of the stockholders by the second sub-division of the same section. These sub-sections, upon the construction of which the case turns, are as follows, to wit:

"Second. He [the commissioner] shall ascertain from each person in his district, city, or town the value of capital, including moneys, credits, or other thing remaining invested, whether said investment was made originally in this or any other State or country, and the value of all capital loaned, used, or employed in business out of this State by himself, his agent, or other person for him.

"Third. He shall ascertain the value of all capital of incorporated joint stock companies not otherwise taxed; but real estate belonging to such company shall not be held to be capital, but shall be listed and taxed as property, and not as capital." Acts 1889–90, p. 201.

The court below held that sub-section No. 2 taxes the shares of a joint stock company in the hands of the stockholders, because they are investments within the meaning of the statute;

and, further, that as the aggregate of the shares represents the corporate assets of every description, the capital of the company is not to be listed under the third sub-section, because it is otherwise taxed, viz.: by the preceding sub-section.

We are unable to concur in this view.  We agree that while shares are not taxed *eo nomine,* they are embraced in the second sub-section, for the reason given by the corporation court.  But a tax on the shares is not a tax on the capital. The two are very different things.  The capital or capital stock belongs to the corporation; the shares to individuals; and being different property interests, and consequently distinct subjects of taxation, the better opinion is that taxing both is not double taxation.  Burroughs, Taxation, p. 170; *State Bank* v. *City of Richmond,* 79 Va., 113; *Farrington* v. *Tennessee,* 95 U. S., 679.

That a tax on the shares is not a tax on the capital stock is well illustrated by a number of cases in the Supreme Court of the United States, holding that while the shares of national banks are taxable by the states, their capital invested in United States securities is not.  *Van Allen* v. *The Assessors,* 3 Wall., 573; *National Bank* v. *Commonwealth,* 9 *Id.,* 353; *Tennessee* v. *Whitworth,* 117 U. S., 129, and cases cited.

Now, it is not only to be presumed that the difference between the capital and shares, as recognized in these decisions and in all the authorities on the subject, was known to the legislature, but the fact appears affirmatively from the 17th section of the statute, which exempts from taxation the capital of banking associations, and taxes the shares of stock to the stockholders.  Stress, however, was laid in the argument at the bar on the fact that the term "capital" is used as well in the second as in the third sub-section, above quoted.  But it is a mistake to suppose that it is used synonymously in both.  In the second it signifies money or other thing invested, and therefore includes, as we have said, shares of stock in the hands of the stockholder; whereas in the third it signifies the capital stock of

the company; that is, the aggregate of the mutual subscriptions of the stockholders, paid in as the basis of the business of the concern, and which belongs to the company. This is apparent from the language of the statute.

Moreover, had the legislature intended to tax the capital of joint stock companies to the stockholders, its intention, surely, would have been unmistakably expressed; and if such was the intention in enacting the second sub-section, why, so far as the question involved in the present case is concerned, was the third enacted at all?

The appellee's answer to this is rather fanciful than sound. The argument is that as the latter sub-section speaks of capital " not otherwise taxed," its purpose is to tax the capital merely to the extent that the holdings of non-resident or otherwise inaccessible stockholders cannot be reached. But there is no just ground for this contention. The statute, if it were susceptible of such a construction, would indeed be an anomaly. It would, moreover, be unconstitutional, since to collect of A and B the tax on the shares held by them, respectively, and to make up for what cannot be collected of C, a non-resident stockholder, by a tax on the capital of the company, would be in violation of the constitutional requirement that taxation shall be equal and uniform.

It is contended, also, that in no other way can effect be given to the words " not otherwise taxed " than by holding that the capital stock of joint stock companies was intended to be embraced in the second sub-section, as there is no other law taxing it. It may be, however, that there are some companies in the State whose capital stock, by their charters or other special provision, is taxed differently, though we are not advised that there are any such. The provision, moreover, of the third sub-section is a general one, which would adapt itself to any future legislation on the subject. But be that as it may, the point is not a controlling one in the case, because only by ignoring the distinction between capital stock and capital in-

vested in shares of stock, which was evidently in the mind of the legislature when the statute was passed, can the case be brought within the second sub-section, or taken out of the operation of the third.

The judgment of the corporation court, must, therefore, be reversed, and such order entered here as that court ought to have entered.

JUDGMENT REVERSED.