BERTRAM S. CLOUTMAN & another *vs.* INHABITANTS OF CONCORD.

Suffolk. March 12, 1895. — May 21, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Taxes — Place where Business is carried on.*

Partners whose principal place of business is in the city of B. cannot be taxed in the town of C. as the place where their business is carried on, within the meaning of Pub. Sts. c. 11, § 24, from the fact that, by a contract with the superintendent of the State Reformatory in C., they transact business there wholly incident to work done by the State and in a place under its exclusive control.

HOLMES, J. This is an action to recover taxes paid under protest. The only question raised by the defendant's exceptions is whether Concord was " the place where [the plaintiffs'] business was carried on," within Pub. Sts. c. 11, § 24, so that the plaintiff firm could be taxed there. The plaintiffs were partners, dealing in boots and shoes in the wholesale and jobbing trade. Their principal place of business was in Boston. All that they did in Concord was done in connection with a contract between them and the superintendent of the Reformatory there for the labor of prisoners in making shoes. It is unnecessary

to consider the terms of this contract particularly, as we are all agreed that if the work of the prisoners was the only work done for the plaintiffs in Concord the case would fall within the principle of *Little* v. *Cambridge*, 9 Cush. 298. That case decided that a place where work is done for a firm by independent contractors is not a place where the firm's business is carried on. This contract was for independent work, from the nature of the case. Whatever otherwise might have been its effect, the prisoners, whose labor was said to be employed by the firm, remained under the control of the superintendent, who contracted with the plaintiffs.

The plaintiffs, however, in pursuance of their contract, employed eight or ten cutters and a foreman, not prisoners, who worked exclusively at the Reformatory cutting stock for the prisoners to make up into boots and shoes. They kept a record there of the stock received and of the goods shipped, had one private drawer in the desk there, and they paid their men there. The question is whether these facts warrant a different conclusion.

It is a question of degree. It may be conceded, for the purposes of argument, that the plaintiffs might have a place of business in Concord without having the exclusive occupancy or the control of a foot of land. But the plaintiffs' business was wholly incident to work done by the State, as well as done in a place under the exclusive control of the State. It consisted merely in cutting the leather for the prisoners, and the keeping of the necessary accounts in connection with their work. The prisoners' work was under an independent contractor. As we have said, it was not business of the plaintiffs. If the plaintiffs merely had forwarded the leather, all would agree that that did not make them liable to taxation. We are of opinion that the cutting does not go to the height of making a place of business, but is to be treated as an incident of the State's work under the contract with the State. We take the words " place of business " in the ordinary popular sense of the words. In a popular sense, we think that no one would say that the plaintiffs had a place of business in the Reformatory. See *Farwell* v. *Hathaway*, 151 Mass. 242.                          *Exceptions overruled.*

*J. R. Smith*, (*P. Keyes* with him,) for the defendant.

*J. L. Thorndike*, for the plaintiffs.